**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**PEGGY S. WIMMER,**

    **Plaintiff,**

v.                                                                                  **CASE NO. 8:06-CV-973-T-EAJ**

**MICHAEL J. ASTRUE,**[1]
**Commissioner of Social Security,**

    **Defendant.**
_____ /

**FINAL ORDER**

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB") under the Act.[2]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed, the administrative record, and the pleadings and memoranda submitted by the parties in this case.

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Therefore, pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Dkt. 13).

applicable legal standards. See 42 U.S.C. § 405 (g) (2003). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979) (citations omitted).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

**I.**

Plaintiff filed an application for DIB payments on July 1, 2002, claiming an onset of disability beginning September 7, 2000. (T 64-66, 82) Plaintiff's application was denied initially, upon reconsideration, and by the ALJ in a decision dated January 12, 2005. (T 31-38) The Appeals Council declined to review the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (T 3-5)

The ALJ found that Plaintiff was not eligible for DIB because she was not disabled at any time through the date of the hearing decision. (T 37) Plaintiff filed a timely petition for judicial review of the Commissioner's denial of benefits. Plaintiff has exhausted all administrative remedies and the Commissioner's decision is ripe for review under the Act.

Plaintiff, age forty-four at the time of the May 18, 2004 administrative hearing, has a high

school education. (T 101, 274-75) Plaintiff has previously been employed as an assistant retail manager, cashier, and assembly line worker. (T 86-90, 96) Plaintiff asserts that a combination of impairments including low back problems, pain, depression, and memory and concentration problems have rendered her unable to work since September 7, 2000. (T 95, 283-88, 295) The ALJ determined that Plaintiff has not engaged in substantial gainful employment since her alleged onset date. (T 37)

Following the administrative hearing, the ALJ found that Plaintiff has degenerative disc disease, a severe impairment. (T 33, 37) The ALJ concluded, however, that Plaintiff's impairment or combination of impairments do not meet or medically equal an impairment listed in the Listing of Impairments found in Appendix 1, Subpart P of Regulations No. 4. (Id.)

The ALJ held that Plaintiff is unable to perform any of her past relevant work but concluded, using the medical-vocational guidelines, that Plaintiff has the residual functional capacity ("RFC") to perform a full range of light work.[3] (T 37-38) Specifically, the ALJ did not impose any limitations on Plaintiff's RFC and found that Plaintiff's "capacity for light work is substantially intact and has not been compromised by any nonexertional limitations" (T 38) Further, in reaching the conclusion that Plaintiff had not been under a disability as defined by the Act at any time through the date of the decision, the ALJ held that Plaintiff's statements regarding her limitations were not wholly

---

[3] Light work, defined at 20 C.F.R. §§ 404.1567(b), 416.967(b), involves the lifting of not more than twenty pounds occasionally with frequent lifting and carrying of objects weighing up to ten pounds. The regulations further provide: "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

credible. (T 37)

The medical evidence has been summarized in the decision of the ALJ and will not be repeated here except as necessary to address the issues presented.

## II.

Plaintiff alleges the Commissioner erred in (1) failing to elicit the testimony of a vocational expert ("VE") in light of Plaintiff's significant non-exertional impairments, and (2) failing to consider the side effects from Plaintiff's medications (Dkt. 17 at 8, 12).

**A.** Plaintiff first argues that the ALJ was required to elicit the testimony of a VE because Plaintiff has significant non-exertional impairments including depression, dysthymia, pain disorder associated with both psychological factors and a chronic general medical condition, and memory and concentration difficulties (Dkt. 17 at 8).

The ALJ found that Plaintiff, while retaining the RFC to perform light work, was unable to return to her past relevant work. (T 37) Accordingly, the burden shifted to the Commissioner to show that Plaintiff could perform other work in the national economy. Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984) (citation omitted). The ALJ then relied exclusively on the medical-vocational guidelines ("the grids"), 20 C.F.R. pt. 404, subpt. P, app. 2, to find that there were other jobs in the national economy which Plaintiff could perform. (T 36-37)

Plaintiff argues that the ALJ erred in applying only the grids because Plaintiff suffers from non-exertional impairments. "Exclusive reliance on the grids is not appropriate either when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills." Francis v. Heckler, 749 F.2d 1562, 1566 (11th Cir. 1985) (citation omitted). If the grids are not controlling,

VE testimony is the preferred method of demonstrating job availability. Id.

In support of her contention that she has significant, non-exertional impairments, Plaintiff cites medical records from August 12, 2002 to December 4, 2002 in which Athanasios D. Stefopoulos, M.D. ("Dr. Stefopoulos") treated Plaintiff for major depression. (T 194-200) On October 29, 2002, Dr. Stefopoulos noted depression, sleep problems, anhedonia, loss of interest, lack of motivation, and loss of ambition. (T 195) In addition, Arthur J. Forman, M.D. ("Dr. Forman") diagnosed Plaintiff with dysthymia and pain disorder associated with both psychological factors and a chronic general medical condition on November 29, 2002. (T 231)

Plaintiff also cites the finding of Alan Steed, Ph.D. ("Dr. Steed") that Plaintiff has an affective disorder. (T 209-23) Dr. Steed based his assessment on Dr. Stefopoulos's opinion. Further, Plaintiff points out that Karen E. Johnson, Ph.D. ("Dr. Johnson") found that Plaintiff has an affective disorder and a personality disorder. (T 245) Finally, Plaintiff alleges that her testimony about her depression, memory, and concentration difficulties is evidence of her non-exertional impairments. (T 283-88, 295)

Plaintiff cites only record evidence in support of her argument rather than any findings of the ALJ that she has non-exertional impairments. In his opinion, the ALJ thoroughly discussed Plaintiff's treatment for depression and anxiety, including Dr. Stefopoulos's treatment notes. (T 34) The ALJ pointed out that Dr. Stefopoulos did not identify any specific work activity limitations because of Plaintiff's mental condition. Specifically, Dr. Stefopoulos noted: "From the psychiatric point of view, [Plaintiff] is able to work at light duty taking into consideration any restriction from the orthopedic standpoint." (T 178) Dr. Stefopoulous failed to note any mental limitation with regard to work activity; indeed, Dr. Stefopoulos opined that work would be beneficial and therapeutic to Plaintiff because she had the energy, interest, and motivation to do things. (Id.) Likewise, the ALJ's

5

opinion discussed Dr. Forman's diagnosis that Plaintiff had dysthymia and pain disorder associated with psychological factors and a general medical condition. (Id.)

In light of the medical evidence, the ALJ considered Plaintiff's subjective complaints of pain, including her testimony about depression, memory, and concentration problems. In finding Plaintiff not entirely credible regarding the restrictions on working caused by her mental impairments, the ALJ stated: "There is no evidence that depression creates more than minimal limitations on the claimant's ability to function and I find that it is not a severe impairment." (Id.) Accordingly, in determining Plaintiff's RFC, the ALJ viewed Plaintiff's depression as non-severe and a minimal factor on her ability to function.

After evaluating the evidence of Plaintiff's mental impairments, the ALJ found that Plaintiff suffered primarily from an exertional impairment, her back injury. Although Plaintiff may have had non-exertional mental impairments, the ALJ found that they do not impair Plaintiff's ability to function. Substantial evidence exists in the medical records to support the ALJ's findings. Accordingly, the court may not reweigh the evidence. Goodley, 608 F.2d at 236. Because the ALJ found that Plaintiff's non-exertional impairments do not impair her ability to work, the ALJ was not required to elicit a VE's testimony and "was free to rely on the grids despite certain of [Plaintiff's] non-exertional impairments." Francis, 749 F.2d at 1567.

**B.** Next, Plaintiff contends that the ALJ erred by failing to consider the side effects of Plaintiff's medications (Dkt. 17 at 12). Specifically, Plaintiff argues that the ALJ's failure to mention Plaintiff's complaints of medication side effects is reversible error. Defendant maintains that the medical evidence does not support Plaintiff's complaints of medication side effects (Dkt. 18 at 7).

Plaintiff fails to point to evidence in the record which demonstrates she suffered from side

6

effects of her medications. The record reveals that Plaintiff's medications included Soma for pain, Vicodin for pain, and Wellbutrin for depression. (T 100, 105, 245) Plaintiff also received epidural steroid injections and was prescribed Demerol, Toradol, and Phenergen following emergency room visits. (T 149-59, 190-93) In his opinion, the ALJ noted these medications in addition to Plaintiff's prescription for Lorcet. (T 33)

The only record evidence of Plaintiff's alleged side effects from her medications is Plaintiff's own allegations that the medications make her sleepy. (T 100, 106) Plaintiff's argument that her complaints of insomnia during an April 15, 2002 mental status examination support her allegation of medication side effects is inherently inconsistent with Plaintiff's statement that her primary side effect is sleepiness. Likewise, the notation of Plaintiff's psychologist on November 29, 2002 that Plaintiff "appeared to be depressed and she looked tired" is not evidence of medication side effects; indeed, Plaintiff's psychologist noted in an August 5, 2002 mental status examination that Plaintiff should "[c]ontinue on Wellbutrin as she tolerates Wellbutrin well." (T 245)

Therefore, the ALJ's failure to discuss side effects of Plaintiff's medications was not in error as the medical evidence does not support a finding of such side effects. See generally Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990).

### III.

The ALJ's decision is supported by substantial evidence and the proper legal principles. The decision of the Commissioner denying Plaintiff's application for Disability Insurance Benefits is therefore affirmed.

Accordingly and upon consideration, it is **ORDERED AND ADJUDGED** that:

(1) the decision of the Commissioner is **AFFIRMED** and this case is **DISMISSED**, with each party to bear its own costs and expenses; and

(2)     the Clerk of Court shall enter final judgment in favor of Defendant consistent with 42 U.S.C. §§ 405(g) and 1383(c)(3).

**DONE AND ORDERED** in Tampa, Florida this 26th day of July, 2007.

ELIZABETH A JENKINS
United States Magistrate Judge